IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff-Respondent, | ) | Case Nos. | CV-05-368-S-BLW |
| | ) | | CR-04-07-S-BLW |
| v. | ) | | |
| | ) | **MEMORANDUM DECISION** | |
| KATHY ANN RODRIGUEZ, | ) | **AND ORDER** | |
| | ) | | |
| Defendant-Movant. | ) | | |
| | ) | | |

Pending before the Court is Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) to which the Government has filed a Response (Docket No. 3).

Having reviewed the record, and being otherwise fully informed, the Court enters the following Order dismissing the § 2255 Motion.

## REVIEW OF § 2255 MOTION

### A.    Procedural Background and Summary of Claims and Issues

A seven-count Indictment (Docket No. 1 in CR-04-07-S-BLW) was filed charging Defendant with two counts of distributing 50 grams or more of a mixture containing methamphetamine (Counts 1 and 2), one count of distributing 50 grams or more of methamphetamine (Count 3), one count of possession of cocaine (Count

4), two counts of possession of a firearm in furtherance of a drug trafficking crime (Counts 5 and 6), and one forfeiture count pertaining to those firearms (Count 7).[1] Defendant ultimately pled guilty, pursuant to a Plea Agreement, to Counts 2, 3, 5, and 7. Plea Agreement, ¶ I.A. (Docket No. 27 in CR-04-07-S-BLW). The remaining Counts were to be dismissed at sentencing although Defendant agreed that the conduct alleged in those counts could be considered by the Court at sentencing. *Id*. ¶ I.B.

The Presentence Report (PSR) calculated an offense level of 32 based on the amount of methamphetamine involved in three seizures, two of which Defendant specifically admitted by pleading guilty to Counts 2 and 3, and the third of which was alleged in Count 1and constituted relevant conduct. PSR ¶¶ 16, 21, 26, 44, and 45. In each instance, the methamphetamine was purchased directly from Defendant by a confidential informant under the supervision of investigating officers. PSR ¶¶ 13 to 26. With a 3-level reduction for acceptance of responsibility, the resulting offense level was 29 which, with a criminal history category of III, yielded a guideline range of 110 to 135 months, exclusive of the 5-year mandatory sentence on the firearm charge. However, because of the 10-year

---

[1] Co-Defendant Joe G. Rodriguez, Defendant's nephew, was named in Count 2 only to which he subsequently pled guilty and for which he was sentenced to a term of imprisonment of 30 months.

**Memorandum Decision and Order - 2**

mandatory minimum on Count 3, the guideline range was effectively 120-135 months, exclusive of the firearm sentence.

Defense counsel objected to certain of the criminal history points. The Probation Officer agreed in part with counsel and revised the PSR. However, although the number of criminal history points was reduced, the criminal history category did not change. At sentencing, defense counsel argued that even if the numbers were correct, the criminal history was still overstated. Sent. Tr. 6. Nevertheless, the Court overruled the objection. Sent. Tr. 7-8. The only other objection raised by defense counsel was a clarification of the number of Defendant's children.

At sentencing, the Court granted the Government's motion for the third level reduction for acceptance of responsibility anticipated in the PSR. The Court also granted the Government's § 5K1.1 and § 3553(e) motion for a 3-level downward departure for substantial assistance and relief from the mandatory minimum of 10 years on Count 3. In doing so, the Court noted that the assistance provided by Defendant was substantial and important in assisting with the investigation of mid-level drug dealers. Sent. Tr. 8. The resulting guideline range became 78 to 97 months.

The Government recommended a sentence at the low end of the guideline

**Memorandum Decision and Order - 3**

range despite the arguably aggravating factor of Defendant's having involved her
19-year old nephew in drug dealing.  Sent. Tr. 5.  Defense counsel concurred with
the recommendation.  The Court then imposed a sentence of 78 months on Counts
2 and 3 to be served concurrently with each other and 60 months on Count 5 to be
served consecutively to the terms imposed on Counts 2 and 3 for a total of 138
months.  In imposing sentence at the low end of the guideline range, the Court
recognized the challenges Defendant had faced in her childhood and the positive
efforts she had made to break the cycle of poor parenting prior to her involvement
with methamphetamine.  Sent. Tr. 11-13.

Defendant timely filed the pending § 2255 Motion alleging various grounds
of ineffective assistance of counsel, violation of right to appeal, and violation of
Rule 32.  Intermingled among those stated grounds were allegations that she did
not enter into the Plea Agreement knowingly and voluntarily and that the Supreme
Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), applies to her
case.

The Government responded that Defendant did not receive ineffective
assistance of counsel, that Defendant waived many of her claims in the Plea
Agreement, and that *Booker* is not retroactive to cases on collateral review.

**B.    Standards of Law**

Memorandum Decision and Order - 4

### 1.    Section 2255 Standard

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254

**Memorandum Decision and Order - 5**

Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then proceeds to a determination under Rule 8 of whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). Also, a hearing need not be held if the allegations are "palpably incredible or patently frivolous." *Blackledge v. Allison*, 431 U.S. 63, 67 (1977). Rather, a § 2255 motion must allege *specific* facts which, if true, would entitle an individual to relief. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citing *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996)). In the case of a conflict of interest, for example, this standard requires the defendant to do more than simply allege a "conflict" or baldly assert that the asserted conflict had an "adverse effect." *Id.* However, where, assuming the truth of *specific* factual allegations when viewed against the record, Defendant states a claim upon which relief could be granted, an evidentiary hearing is required to resolve the factual dispute before the Court can make a determination on the merits. *See United States v. Leonti*, 326 F.3d 1111, 1116 (2003).

## 2. Ineffective Assistance of Counsel Standard

A defendant is entitled to effective assistance of counsel at the plea and sentencing stages of a criminal prosecution as well as at trial. *United States v. Leonti,* 326 F.3d 1111, 1116-17 (9th Cir. 2003). In fact, a defendant is entitled to counsel at all "critical stages" of the criminal process. *Id.*

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697. *See also Bell v. Cone*, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 686-

**Memorandum Decision and Order - 7**

87.  Under the performance prong, there is a strong presumption that counsel's

performance falls "within the wide range of reasonable professional assistance,"

and judicial scrutiny of that performance must be "highly deferential."  *Id.* at 689.

    In order to establish prejudice, a defendant  must affirmatively prove by a

reasonable degree of probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different.  *Id.* at 694.  This standard is

"highly demanding."  *Kimmellman v. Morrison,* 477 U.S. 365, 381-82 (1986).

    The *Strickland* two-part test is also applicable to a case in which a defendant

contends that his counsel was constitutionally inadequate during the guilty plea

process.  *Hill v. Lockhart*, 474 U.S. 54, 58 (1985).  To show prejudice in the guilty

plea context, a defendant must show "that there is a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would have insisted on

going to trial."  *Hill,* 474 U.S. at 58-59.  However, part of the prejudice

determination is the likelihood a more favorable outcome at trial.  *Id.*

    Both prongs of the *Strickland* test must be met "before it can be said that a

conviction (or sentence) 'resulted from a breakdown in the adversary process that

render[ed] the result [of the proceeding] unreliable' and thus in violation of the

Sixth Amendment."  *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005)

(quoting *Strickland*, 466 U.S. at 687).  In evaluating an ineffective assistance of

**Memorandum Decision and Order - 8**

counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.*

### C.   Discussion

#### 1.   Waiver

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). However, a plea agreement must expressly state that the right to bring a § 2255 motion is waived in order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994) (finding that language in plea agreement that "he will not appeal whatever sentence is imposed by the court" did not constitute a waiver of the right to bring a § 2255 motion). Nevertheless, even an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005).

The Plea Agreement here provided in relevant part:

> The defendant is also aware that under certain circumstances a defendant has the right to collaterally

>challenge defendant's sentence through a habeas petition
>such as a motion pursuant to Title 28, United States
>Code, Section 2255.  Acknowledging this, in exchange
>for the other terms of this Agreement, the defendant
>knowingly and voluntarily gives up (waives) defendant's
>right to contest defendant's pleas, conviction, or sentence
>in any post-conviction proceeding, including any
>proceeding authorized by Title 28, United States Code
>Section 2255, except as to an appeal claiming ineffective
>assistance of counsel based on facts discovered after the
>entry of defendant's guilty pleas.

Plea Agreement, ¶ VII, p.12 (Docket No. 27 in CR-04-07-S-BLW).  This provision

constitutes an express and unambiguous waiver of  the right to bring a § 2255

motion.  The record indicates that, despite vague allegations to the contrary

discussed below, Defendant entered into the Plea Agreement knowingly and

voluntarily.  Accordingly, Defendant's § 2255 Motion is subject to dismissal on

the ground of waiver.  Even absent a valid waiver, however, Defendant's § 2255

Motion is subject to dismissal.

## 2.    Ineffective Assistance of Counsel

Defendant alleges that counsel failed to provide her with a copy of the

Indictment and other documents, failed to explain the consequences of signing the

Plea Agreement, failed to explain the Presentence Report,  failed to help her in any

way with the proceedings, failed to object to the Presentence Report despite

alleged inconsistencies, failed to pursue favorable plea negotiations, and failed to

**Memorandum Decision and Order - 10**

"help her in the process of her case."

### a.    Plea Agreement

A guilty plea is constitutionally valid only if it is "voluntary" and "intelligent." *Bousley v. United States,* 523 U.S. 614, 618 (1998) (citing *Brady v. United States,* 397 U.S. 742, 748 (1970)).  A guilty plea is deemed valid when a defendant is advised of the nature and elements of the charges against him and the possible punishment and understands that he is waiving his constitutional rights to avoid self-incrimination, to confront his accuser, and to have a jury decide his case. *See Brady*, 397 U.S. at 749.  Furthermore, to be valid, a plea must not be made based on threats, misrepresentations, or improper promises.  *Hill v. Lockhart,* 474 U.S. 52, 56 (1985).

Statements made in open court at the time of a plea carry a strong presumption of verity and are entitled to great weight.  *Chizen v. Hunter,* 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *see also U.S. v. Kazcynski,* 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial weight" must be given to in-court statements).  Even though that presumption is not necessarily an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are

wholly incredible." *Id.* (citations omitted).

Defendant's bald assertions that her plea was unknowing and involuntary are rebutted by the record and therefore do not overcome the strong presumption of verity of her statements made in open court.  Defendant was provided with a copy of the Indictment at her arraignment.  *See* Docket No. 14.  Defendant testified under oath at the plea hearing that counsel shared with her the Government's investigative file.  Plea Tr. 5.  She further testified that defense counsel reviewed the terms of the Plea Agreement with her.  Plea Tr. 8.  However, even if he had not done so, the Court thoroughly explained the major provisions of the Plea Agreement to her at the plea hearing, including the sentencing factors and the rights she would give up by entering the Plea Agreement.   Plea Tr. 9-12.  Defendant stated under oath that she understood each provision.  *Id.*  She testified twice that no one had made any threats or forced her in any manner to plead guilty and that no one had made any promise or "secret deal" in return for her plea of guilty.  Plea Tr. 6; 8.  Defendant further stated that counsel had gone over the Plea Agreement with her carefully, that she had signed it, that she had no questions about its contents, and that she understood that the Court could consider relevant conduct or "the big picture" at sentencing.  Plea Tr. 8-10.

At the plea hearing, the Government presented a detailed recitation of the

**Memorandum Decision and Order - 12**

factual basis of the plea which included the May 12, 2003 and October 2, 2003

drug transactions with a confidential informant under the supervision and

observation of the investigating officers as well as the discovery of two firearms in

her vehicle.  Plea Tr. 14-17.  In response to detailed questioning at the plea

hearing, Defendant admitted each aspect of the factual basis.  She also specifically

acknowledged that she had admitted to police officers that she was involved in the

two transactions and that she possessed the two firearms for protection during the

drug deals.  Plea Tr. 17-20.  Finally, Defendant stated that she understood the

provisions of the Plea Agreement pertaining to the application of the sentencing

guidelines.  Plea Tr. 22-26.

  Clearly, Defendant was thoroughly advised of the nature and elements of the

charges against her, the potential punishment, and the waiver of certain

constitutional rights.  Nevertheless, despite the extensive plea colloquy, Defendant

alleges that she was induced to sign the Plea Agreement when counsel

"continuously used unprofessional behavior" and that she pled guilty "under

fearful tactics of her counsel."  § 2255 Motion, p. 29 (Docket No. 1).  However,

nowhere in her 29-page § 2255 Motion does Defendant cite even one example of

the alleged inducement, unprofessional behavior, or "fearful tactics."  These bald

assertions are completely rebutted by the record and Defendant's sworn testimony

**Memorandum Decision and Order - 13**

at the plea hearing.

Finally, Defendant's assertion that defense counsel never helped her in "the process of the case" is likewise rebutted by the record.   He secured a favorable Plea Agreement that included an adjustment for acceptance of responsibility and a promise of a § 5K1.1 departure if Defendant provided substantial assistance. Indeed, the Plea Agreement negotiated by defense counsel resulting in cutting the sentencing range almost in half.  Defendant was facing a sentence of 151-188 months on the drug charges alone without an adjustment for acceptance of responsibility and 120-135 months with the acceptance of responsibility adjustment only.   However, as stated above, after the departure for substantial assistance, the resulting guideline range was 78 to 97 months.  Clearly, this is not a case of counsel making errors so serious that there was a breakdown in the adversary process rendering the proceeding unreliable or that there was a reasonable probability that absent the alleged errors the result of the proceeding would have been different.  Significantly, despite the lengthy § 2255 Motion, Defendant never alleged that but for the alleged errors she would have insisted on going to trial.

**b.    Sentencing**

Defendant's allegations regarding defense counsel's perceived ineffectiveness at sentencing are likewise vague.  She simply repeats the allegations over and over throughout the lengthy § 2255 Motion without specificity.

First, Defendant alleges that defense counsel did not explain the Presentence Report.  However, she admitted at the sentencing hearing that counsel had reviewed the Presentence Report with her, and defense counsel concurred.  Sent. Tr. 3.

Second, Defendant alleges that defense counsel did not object to the drug quantity or other factual inaccuracies in the PSR.  However, she fails to allege how the drug calculation was inaccurate when it was based solely on drug transactions in which she was directly involved.   Even if the Court were to disregard the drug quantity in the dismissed count of 8.4 grams (PSR ¶ 16), the offense level would have been the same.  Indeed, even if the Court used the drug quantity in only one of the two Counts to which Defendant pled guilty, the offense level would have been the same.   Furthermore, Defendant does not identify any other alleged factual allegations to which defense counsel should have objected.

Third, Defendant states that defense counsel failed to object to the criminal history calculation.  This claim is directly rebutted by the record.  Not only did

**Memorandum Decision and Order - 15**

counsel object, the Probation Officer concurred with one of defense counsel's objections.  Sent. Tr. 7-8.  Furthermore, defense counsel argued at sentencing, albeit unsuccessfully, that even if the calculation was correct, the criminal history category was overstated.  Sent. Tr. 6.

Fourth, Defendant alleges that defense counsel did not present mitigating evidence.  However, she does not identify what mitigating evidence he could have presented beyond that which was contained in the Presentence Report.  Indeed, when imposing sentence at the bottom of the guideline range, the Court took note of the substantial challenges she faced as a child and her attempts to provide a different life for her children.  Sent. Tr. 11-13.

Defendant's claims of ineffective assistance of counsel at sentencing must fail.  Not only are they vague and conclusory, Defendant cannot demonstrate prejudice where she was relieved of the 10-year mandatory minimum and sentenced well below the original guideline range.

### 3.    Notice of Appeal

With regard to claims of ineffective assistance of counsel based on failure to file a notice of appeal, it is well established that an attorney who fails to file a notice of appeal despite a defendant's specific instructions to do so has acted unreasonably.  *See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)* (rejecting view

that counsel must file a notice of appeal unless a defendant specifically instructs counsel not to do so).  Where a defendant does not instruct counsel to either file or not to file a notice of appeal, the court must first determine whether counsel consulted with the defendant.  *Id.* at 478.  If counsel has not, then the court must determine whether the failure to consult alone constituted deficient performance. *Id.*

Counsel is constitutionally required to consult with a defendant about whether to file a notice of appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  In making this determination, courts must taken into account all the information counsel knew or should have known."  *Id.* at 480.

The Court here advised Defendant of her right to appeal any issue that was not waived or to challenge the waiver itself.  Sent. Tr. 13.  Defendant does not allege that she instructed counsel to file a notice of appeal or that she expressed an interest in filing a notice of appeal.  Rather, she merely alleges that he failed to do so.  Nor does she allege that he consulted her about an appeal.  However, defense counsel is only required to do so in the circumstances cited above.  Since there is

**Memorandum Decision and Order - 17**

no reason here to think that a rational defendant would want to appeal, and Defendant has not alleged that she reasonably demonstrated to counsel that she was interested in appealing, defense counsel's failure to file a notice of appeal or failure to consult with her about doing so does not constitute ineffective assistance of counsel.  Accordingly, Defendant's claim of ineffective assistance of counsel based on failure to file a notice of appeal is subject to dismissal.

### 4.    Rule 32

Defendant alleges that the Court did not comply with the provisions of U.S.S.G. Rule 32(c)(3)(d) regarding findings as to any disputed portions of a presentence report.  § 2255 Motion, pp. 19-20.  The Court presumes Defendant is referring to Rule 32(i)(3) of the Federal Rules of Criminal Procedure which requires the Court at sentencing to rule on any disputed matter, or determine that a ruling is unnecessary either because the matter will not affect sentencing or because the court will not consider the disputed matter in sentencing, and to append a copy of the court's determination to the presentence report made available to the Bureau of Prisons.

Despite alleging that there were several inaccuracies in the Presentence Report, including the drug quantity and criminal history, Defendant did not provide specifics.  She did not identify any factual disputes before the Court that required

resolution at sentencing.  As stated above, vague and conclusory allegations are subject to dismissal without an evidentiary hearing.

### 5.    *Booker* Claim

The Ninth Circuit has held that *Booker* "does not apply retroactively to convictions that became final prior to its publication."  *United States v. Cruz*, 423 F.3d 1119, 1119-20 (9th Cir. 2005) (citations omitted).  The *Booker* decision was published on January 12, 2005.   Because she did not file a direct appeal, Defendant's judgment had become final ten days after the date of her September 10, 2004 conviction.   *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).   Accordingly, because Defendant's conviction was final before *Booker* was published, her *Booker* claim is subject to dismissal.

### D.    Conclusion

All of Defendant's claims are subject to dismissal on the grounds of waiver, vague and conclusory allegations contradicted by the record, and/or failure to demonstrate prejudice.  Accordingly,

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED THAT Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DENIED.

**Memorandum Decision and Order - 19**

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for Status

of § 2255 Motion (Docket No. 5) is MOOT.

DATED:  **December 18, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 20**